UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| EUGENE EZENWA EBEM,<br><br>    Plaintiff,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>    Defendants. | No. 1:24-CV-148-H-BU |

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge John R. Parker (Dkt. No. 41) and Ebem's objections (Dkt. No. 42). Judge Parker recommends granting the defendants' motion to dismiss (Dkt. No. 31), denying Ebem's motion to supplement (Dkt. No. 18), and denying all pending motions as moot. Dkt. No. 41. Ebem timely filed objections to the FCR. Dkt. No. 42.

The Court overrules Ebem's objections and adopts the FCR in full. Ebem fails to demonstrate that the Court has subject-matter jurisdiction over his Administrative Procedure Act (APA) and Mandamus Act claims. Further, Ebem fails to adequately plead a Fifth Amendment Due Process claim because he has not identified a cognizable liberty or property interest to support his claim.

1. **Factual and Procedural Background**

    A.  **Factual Background**

    In evaluating the defendants' motion to dismiss, the Court accepts as true the relevant facts alleged in Ebem's complaint, as it must at this procedural stage. *See Richardson v. Axion Logistics, LLC*, 780 F.3d 304, 306 (5th Cir. 2015). Eugene Ezenwa Ebem

is a citizen of Nigeria. Dkt. No. 1 at 12–13, 26. Ebem married Dymonique Renee Hootsell, a United States citizen, in Richardson, Texas in March 2016. *Id.* at 11–13. On February 3, 2021—five years later—Ebem filed an I-485 application to adjust his immigration status with the United States Citizenship and Immigration Services (USCIS). *Id.* at 6. Successful completion of this process allows the applicant to obtain lawful permanent resident status and obtain their "Green Card." On the same day, Hootsell filed an I-130 Petition for Alien Relative, which establishes the requisite relationship for Green-Card eligibility. Dkt. No. 1-2 at 2.

In February 2024, while his application was still pending, Ebem was taken into Immigration and Customs Enforcement (ICE) custody and detained at the Bluebonnet Detention Center in Anson, Texas. *Id.* at 4. While there, Ebem brought this suit. *See* Dkt. No. 1. ICE released him from custody after eight months, but his removal proceedings remained pending—albeit stayed—before the Executive Office for Immigration Review (EOIR). *See* Dkt. Nos. 9; 33. USCIS issued a Notice of Administrative Closure for Ebem's I-485 application in October 2024, explaining that because Ebem was "in a removal proceeding" and "not an 'arriving alien,' only EOIR has jurisdiction" over his I-485 application. Dkt. No. 18-6 at 46.

During an interview with USCIS in October 2024, Ebem's wife became frustrated, told the USCIS official "I am done," and terminated the interview. Dkt. Nos. 18-1 at 4; 33-7 at 1. USCIS understood this as a withdrawal of her I-130 petition and subsequently terminated the petition. *See id.* Consequently, the following month, USCIS denied Ebem's I-485 application based on the withdrawal of the I-130 petition. Dkt. No. 33-7 at 1. Soon after, USCIS determined that it lacked jurisdiction to adjudicate the application due to the

pending removal proceedings. *Id.* Further adding to Ebem's frustration, USCIS reopened his I-485 application the following February, only to close it once again for lack of jurisdiction. *See id.*

### B. Procedural Background

Ebem filed this action to compel the adjudication of his I-485 application in September 2024, when his application had been pending with USCIS for over 43 months. Dkt. No. 1-2 at 2. At the time, Ebem was in ICE custody at the Bluebonnet Detention Center in Anson, Texas, where he was being held in connection with pending removal proceedings with the EOIR. *Id.* Ebem's original complaint raised two claims. His first claim arose under the APA and the Mandamus Act, alleging that the defendants' failure to adjudicate his I-485 application constituted an "unreasonable failure to act, in violation of the [APA]." *Id.* at 5. His second claim alleged a Fifth Amendment Due Process violation, due to the "[d]efendants' refusal to adjudicate the application . . . before a final administrative decision" in his removal proceedings. *Id*.

Judge Parker liberally construed Ebem's Motion in Support of Existing Mandamus Application (Dkt. No. 18) as a motion to supplement his original complaint and bring a new claim relating to USCIS's adjudication of his wife's I-130 petition. Dkt. No. 41 at 4, 11–13. In addition to this motion, Ebem has filed—among other things—a motion for a protective order (Dkt. No. 14), a motion for a preliminary injunction (Dkt. No. 15), a motion to expedite proceedings (Dkt. No. 16), a motion for sanctions (Dkt. No. 17), a motion to expedite (Dkt. No. 26), and a motion for entry of default (Dkt. No. 27).

The defendants moved to dismiss. Dkt. No. 31. Ebem responded the next day (Dkt. No. 33), and the defendants replied (Dkt. No. 35). Judge Parker entered an FCR

recommending that the Court grant the defendants' motion to dismiss because: (1) the Court lacks subject-matter jurisdiction over Ebem's APA and Mandamus Act claims; and (2) Ebem failed to plead a valid due-process claim against the defendants. Dkt. No. 41 at 13. The FCR also recommended denying as futile Ebem's motion to supplement his claims and denying as moot all other pending motions. *Id.* Ebem timely filed nine objections to the FCR (Dkt. No. 42), and the defendants responded (Dkt. No. 43). Ebem then filed a motion to join his wife as a coplaintiff to this action (Dkt. No. 44) and a reply[1] (Dkt. No. 45).

## 2. Legal Standards

### A. Review of the Magistrate Judge's Recommendations

A party who seeks to object to any part of a magistrate judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party timely objects, a magistrate judge's FCR regarding a dispositive matter is reviewed de novo. Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *See id.* Objections to the FCR must be "specific," such that they "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex.), *rep. & rec. adopted*, 458 F. Supp. 3d 559 (E.D.

---

[1] Ebem identified this filing as a response, but it is properly construed as his reply to the defendants' response (Dkt. No. 43).

Tex. 2020)).  The district court need not consider "frivolous, conclusive or general objections."  *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc).  Likewise, a mere disagreement with a recommendation or summary of previously presented arguments cannot trigger de novo review and is thus reviewed for plain error.  *Leslie G. v. Kijakazi*, No. 5:21-CV-202, 2023 WL 2536111, at *3 (N.D. Tex. Mar. 16, 2023) (citing *Hernandez v. United States*, No. PE:11-CR-442-RAJ(I), 2016 WL 6998387, at *16 (W.D. Tex. Apr. 26, 2016)).

      **B.**     **Motion to Dismiss under Rule 12(b)(1)**

A party may challenge a court's subject-matter jurisdiction with a Rule 12(b)(1) motion to dismiss.  Fed. R. Civ. P. 12(b)(1).  When considering such a motion, "the court may find a plausible set of facts by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The plaintiff, as the party asserting jurisdiction, "constantly bears the burden of proof that jurisdiction does in fact exist."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Thus, at the pleading stage, the plaintiff must "allege a plausible set of facts establishing jurisdiction."  *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

      **C.**     **Motion to Dismiss under Rule 12(b)(6)**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'"  *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d

719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, the plaintiff must plead facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  If a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In resolving a motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson*, 780 F.3d at 304–05 (quoting *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 146 (5th Cir. 2010)).  But a court should not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of stating a plausible claim to relief. *Iqbal*, 556 U.S. at 678.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**3.    Analysis**

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d

488, 502 (5th Cir. 2020). Finding no plain error, the Court accepts and adopts these portions of the FCR.

Ebem timely filed nine objections to the FCR. *See* Dkt. No. 42 at 2, 12–31. He first objects to Judge Parker's purported failure to address a non-existent "Clerk's Entry of Default." *Id.* at 12–14. Second, Ebem objects to the FCR's "[d]isregard of the Immigration Judge's" allegedly "[b]inding APA [f]indings" and takes issue with Judge Parker's characterization of the status of the I-130 petition. *Id.* at 14–16. Ebem's third objection complains of "[f]actual [e]rrors in the FCR" and restates his grievances with USCIS regarding the I-130 petition. *Id.* at 16–18. Objection four reasserts Ebem's APA arguments previously considered by Judge Parker and attempts to add a new "Separation-of-Powers Violation" claim. *Id.* at 18–21. In his fifth objection, Ebem reasserts his APA and Due Process claims and attempts to add a First Amendment retaliation claim. *Id.* at 21–23. Ebem's sixth objection realleges previous arguments concerning his wife's I-130 petition and attempts to add a new equal-protection claim. *Id.* at 23–25. Finally, the remaining objections reassert Ebem's previously considered APA arguments and dispute Judge Parker's analysis of the record. *Id.* at 25–32.

### A. The Court overrules Ebem's nine objections to the FCR.

The Court overrules Ebem's nine objections and adopts the FCR in full. Insofar as these objections recite new claims (e.g., First Amendment retaliation, equal protection, separation of powers violations), they will not be considered because "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Ebem's objections one through eight are

substantially similar to the allegations in his complaint (Dkt. No. 1), motion in support of his existing mandamus application (Dkt. No. 18), and response in opposition to the defendants' motion to dismiss (Dkt. No. 33), all of which the magistrate judge considered. Thus, the Court reviews the FCR for plain error as to these objections.

> i. **The Court overrules Ebem's objection to Judge Parker's disregard of a nonexistent "entry of default."**

Objection one states that the FCR failed to account for the fact that "the Clerk entered default" on March 18, 2025—the same day Ebem moved for entry of default. Dkt. No. 42 at 12. A pro se plaintiff could be forgiven for misunderstanding the process for entry of default judgment set out in the Federal Rules of Civil Procedure. But misrepresentations of basic facts are another matter. Contrary to the Ebem's contentions, the Clerk never entered default judgment pursuant to Federal Rule of Civil Procedure 55. Rather, Ebem simply refiled his motion for default judgment (Dkt. No. 27), which was relabeled as "Clerks Entry of Default" (Dkt. Nos. 28-4; 29-1). Ebem then repeatedly referenced his refiled and relabeled motion as if it were an entry of default judgment.[2]

Further, Federal Rule of Civil Procedure 12(a)(2) gives a United States officer or employee 60 days to answer a complaint if they are sued in their official capacity. But

---

[2] The Court notes that Ebem's motions and objections were likely generated via artificial intelligence (AI). *See, e.g.*, Dkt. No. 33 (making liberal use of bolding, italicizing, and emoji bullet points, consistent with AI output formatting). Thus, the Court construes Ebem's misrepresentations of the record as the product of AI misapplication, rather than a deliberate attempt to mislead the Court. But "the use of artificial intelligence must be accompanied by the application of actual intelligence in its execution." *Willis v. U.S. Bank Nat'l Ass'n as Tr., Igloo Series Tr.*, No. 3:25-CV-516, 2025 WL 1408897, at *4 (N.D. Tex. May 15, 2025) (internal quotation marks omitted). Accordingly, the Court warns Ebem that false statements in his pleadings may result in sanctions against him, including dismissal with or without prejudice, and that false statements in an affidavit or unsworn declaration made under penalty of perjury may result in prosecution for perjury. The considerable latitude afforded to pro se parties is not an exemption from Rule 11's obligations to verify the legal and factual support behind one's arguments. *Id.* at *3; *see* Fed. R. Civ. P. 11(b).

Ebem did not properly serve the United States Attorney's Office—as required—until January 21, 2025. Dkt. No. 31 at 10 n.3. The defendants' motion to dismiss filed on March 24, 2025 was therefore timely. *See* Dkt. No. 31. And even if the defendants had not timely responded, Federal Rule of Civil Procedure 55(d) requires a satisfactory evidentiary showing before default judgment is "entered against the United States, its officers, or its agencies." Ebem has not met this burden. The Court thus overrules this objection.

### ii. The Court overrules Ebem's objection to Judge Parker's failure to recognize a nonexistent "final and binding" finding by an Immigration Judge.

Objection two complains that the FCR ignores the "Immigration Judge's [r]uling" that "USCIS's years of inaction violated the Administrative Procedure Act." Dkt. No. 42 at 14. Ebem's exhibit supporting this contention is a transcript of a hearing in which an Immigration Judge told Ebem that he "can't do much other than wait . . . because unfortunately . . . the way the regulations are written, they have deprived the courts of review authority over I-130 petitions." Dkt. No. 33-5 at 5. This objection likewise lacks any evidentiary support and is thus overruled.

### iii. The Court overrules Ebem's objections to Judge Parker's analysis concerning Ebem's I-485 application and his wife's I-130 petition.

Objections three through eight, insofar as they do not state new claims, merely restate previously considered arguments concerning the processing of Ebem's I-485 application and his wife's I-130 petition. Dkt. No. 42 at 16, 18, 21, 23, 25, 27. But 8 U.S.C. § 1252(a)(2)(B)(i) bars judicial review of adjustment-of-status applications, even when made outside the removal context. *See Patel v. Garland*, 596 U.S. 328, 340 (2022); *Momin v. Jaddou*, 113 F.4th 552, 558 (5th Cir. 2024). Thus, Ebem's APA and Mandamus Act claims must be dismissed without prejudice for lack of subject-matter jurisdiction.

Further, the Fifth Circuit has held that an alien's interest in adjustment-of-status proceedings—and any interests related to such proceedings—are not protected liberty interests that can support a Due Process claim. *See, e.g.*, *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017); *see also Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006) (explaining that the Fifth Circuit "has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection"). Ebem's Due Process claim therefore must be dismissed with prejudice for failure to state a claim. Objections three through eight are thus overruled for the reasons stated in the FCR.

   **iv.**  **The Court overrules Ebem's objection to a perceived insinuation in Judge Parker's FCR.**

Objection nine takes issue with the FCR's characterization of the facts, claiming that it "wrongly state[s] that Plaintiff waited 'five years after marriage' to file and treated this case as though it were the *only immigration filing*. That is demonstrably false." Dkt. No. 42 at 29 (emphasis in original). But Ebem alleges in his complaint that he and his wife "have been married since March 26, 2016" and that they filed their respective application and petition "[o]n February 3, 2021." Dkt. No. 1-2 at 3. The FCR acknowledges this by stating that "[f]ive years after their wedding, Ebem filed an I-485 Adjustment of Status application." Dkt. 41 at 1–2. Ebem thus appears to object only to perceived insinuations in the FCR. *See* Dkt. No. 42 at 30 ("The FCR implied that Plaintiff rushed to court or acted prematurely."). Because a district court need not consider "frivolous, conclusive or general objections," this objection is overruled. *Nettles*, 677 F.2d at 410 n.8.

### B. The plaintiff's motion to supplement is futile.

In his FCR, Judge Parker construed Ebem's motion in support of his mandamus application (Dkt. No. 18) as a motion to supplement his original complaint and bring a new claim concerning USCIS's adjudication of his wife's I-130 petition. Dkt. No. 41 at 4, 11–13. Judge Parker concluded that the "claims [Ebem] attempts to add are . . . futile and would be dismissed for lack of subject matter jurisdiction." *Id.* at 13. Judge Parker thus recommended that the Court deny Ebem's motion to supplement. *Id.* No party objects to this recommendation. *See* Dkt. Nos. 42; 43. Thus, for the reasons stated in Judge Parker's FCR, the Court finds that Ebem has failed to demonstrate that his supplemented claims would not be futile, and his motion to supplement is therefore denied.

### C. The plaintiff's motion for joinder is denied.

Finally, on September 5, 2025, Ebem moved to amend his complaint to add his wife as a coplaintiff, noting that the FCR "placed substantial weight" on the fact that she is not a party to this case. Dkt. No. 44 at 1. Ebem argues that good cause exists to permit this amendment because the purportedly "retaliatory withdrawal" of his wife's I-130 petition "occurred only after this federal case was filed." *Id*.

Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely granted "when justice so requires." But "motions to amend may properly be denied when there has been undue delay in moving for leave to amend." *In re Beef Industry Antitrust Litig.*, 600 F.2d 1148, 1162 (5th Cir. 1979) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15(a) has no time limit for permissive amendments, but, "at some point, time delay on the part of a plaintiff can be procedurally fatal." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (cleaned up). The withdrawal of Ebem's wife's I-130 petition occurred approximately one

month after this case was filed—nearly eleven months before Ebem's motion for joinder. But his motion to add his wife as a plaintiff did not arrive until after the litigation before the magistrate judge concluded, the FCR issued, and his deadline to object to the FCR had expired. Ebem offers no satisfactory explanation for this delay in his motion, despite having received notice of this exact defect many months prior (Dkt. No. 35 at 6). The Fifth Circuit has affirmed denials of similar amendments because "a 'busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (1967)). Ebem's motion for joinder is therefore denied as untimely.

### 4.  Conclusion

The Court overrules Ebem's objections (Dkt. No. 42) and adopts the FCR (Dkt. No. 41) as the findings of this Court. Thus, the defendants' motion to dismiss (Dkt. No. 31) is granted, and Ebem's motion to supplement (Dkt. No. 18) is denied as futile. Likewise, the motion to amend (Dkt. No. 44) is denied. All other pending motions are denied as moot.

So ordered on September 15, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE